NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR DE LA ROSA; et al., | No.   21-55269 |
| Plaintiffs-Appellants, | D.C. Nos. |
| v. | 3:17-cv-02433-BAS-JLB<br>3:18-cv-01389-BAS-JLB<br>3:18-cv-01390-BAS-JLB |
| SAN DIEGO GAS & ELECTRIC COMPANY, | 3:18-cv-01561-BAS-JLB |
| Defendant-Appellee. | MEMORANDUM* |

| | |
|---|---|
| OSCAR DE LA ROSA; et al., | No.   21-55315 |
| Plaintiffs-Appellees, | D.C. Nos. |
| v. | 3:17-cv-02433-BAS-JLB<br>3:18-cv-01389-BAS-JLB<br>3:18-cv-01390-BAS-JLB |
| SAN DIEGO GAS & ELECTRIC COMPANY, | 3:18-cv-01561-BAS-JLB |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted April 12, 2022
Pasadena, California

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  PAEZ and BADE, Circuit Judges, and CARDONE,** District Judge.

Plaintiffs, a group of U.S. Marines, were severely injured when a gas line exploded during a training exercise at Camp Pendleton, a Marine Corps base. Plaintiffs assert that Defendant San Diego Gas & Electric Company (SDG&E) is liable for their injuries because it was aware of longstanding problems with the Camp Pendleton gas lines but continued to supply gas to the base.  The district court granted summary judgment for SDG&E on the grounds that California law preempted Plaintiffs' claims, and, alternatively, that Plaintiffs had not shown that SDG&E had notice of the condition of the gas line.

Plaintiffs appeal the district court's entry of summary judgment, and SDG&E cross-appeals from the district court's denial of its motions to dismiss.[1] We have jurisdiction under 28 U.S.C. § 1291, and we conclude that California Public Utilities Code section 1759 preempts Plaintiffs' claims.  Therefore, we dismiss for lack of subject matter jurisdiction, and we do not address the other issues on appeal.

---

** The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

[1] SDG&E moved to dismiss under Federal Rule of Civil Procedure 12(b)(7), arguing that the United States was a required party under Rule 19, and then moved to dismiss on the grounds that Plaintiffs' claims were not justiciable under the political question doctrine.  The district court denied both motions.

We review questions of subject matter jurisdiction de novo. *Naruto v. Slater*, 888 F.3d 418, 421 (9th Cir. 2018). In a case that involves multiple jurisdictional questions, "there is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). We agree with the district court that Plaintiffs' claims are preempted, but as a matter of subject matter jurisdiction, not summary judgment.

The California Public Utilities Commission (PUC) has broad power to regulate utilities, including the ability to "fix rates [and] establish rules." *San Diego Gas & Elec. Co. v. Superior Ct. (Covalt)*, 920 P.2d 669, 681 (Cal. 1996). Section 1759 of the California Public Utilities Code protects the PUC's authority by restricting courts' jurisdiction "to review, reverse, correct, or annul any order or decision of the commission . . . or to enjoin, restrain, or interfere with the commission in the performance of its official duties." Cal. Pub. Util. Code § 1759(a).

While this jurisdictional limit most obviously applies to direct challenges to PUC decisions, section 1759 also bars private suits against public utilities if awarding damages would "have the effect of undermining a general supervisory or regulatory policy of the commission." *Covalt*, 920 P.2d at 683 (discussing *Waters v. Pac. Tel. Co.*, 523 P.2d 1161 (Cal. 1974)). Thus, the question of whether a

utility regulation preempts a suit against a public utility company implicates a court's subject matter jurisdiction. *Kairy v. SuperShuttle Int'l*, 660 F.3d 1146, 1156 (9th Cir. 2011); *see also Wilson v. S. Cal. Edison Co.*, 184 Cal. Rptr. 3d 26, 41 (Ct. App. 2015) ("[S]ection 1759 is a statute involving subject matter jurisdiction, and divests trial courts of jurisdiction to entertain lawsuits that would interfere with the PUC's regulation of utilities.").

The PUC regulation at issue in this case is SDG&E Tariff Rule 26 (Rule 26), which states in relevant part:

> The consumer shall, at the Consumer's own risk and expense, furnish, install and keep in good and safe condition all Consumer Equipment as defined in Rule No. 1. Company shall not be responsible for the selection, installation, operation, maintenance, or condition of any Consumer Equipment or for any injuries or damages resulting therefrom . . . .

Consumer Equipment is defined as "[a]ll equipment for receiving and utilizing gas from the Company, including, but not limited to, any and all pipes . . . downstream of the Service Delivery Point." The Service Delivery Point is the point "where the Utility's pipe connects to the customer's house line, usually the meter location."

Rule 26 bars Plaintiffs' claims. California courts determine whether section 1759 preempts a cause of action by applying the three-step "*Covalt* test," in which the court asks: "(1) whether the PUC had the authority to adopt a regulatory policy on the subject matter of the litigation; (2) whether the PUC had exercised that authority; and (3) whether action in the case before the court would hinder or

4

interfere with the PUC's exercise of regulatory authority." *Kairy*, 660 F.3d at 1150 (citing *Covalt*, 920 P.2d at 687–95).

On the first *Covalt* step, the PUC clearly had the authority to limit SDG&E's liability. *See Waters*, 523 P.2d at 1164 ("[L]imitations upon liability . . . ha[ve] long been considered to be a proper subject for commission regulation . . . ."). On the second step, the PUC exercised that authority when it approved Rule 26. *See Davis v. S. Cal. Edison Co.*, 186 Cal. Rptr. 3d 587, 604 (Ct. App. 2015) (stating that the PUC exercises its authority when it approves a tariff rule).

On the third step, permitting Plaintiffs to recover would interfere with the PUC policy expressed in Rule 26. Plaintiffs argue that SDG&E had a duty to shut off Camp Pendleton's gas supply because it had known for many years that the base's gas lines were poorly mapped and made with brittle, leak-prone materials, and because, just three months earlier, a bulldozer had struck the gas line at issue here, thereby putting SDG&E on notice that the gas line was inadequately buried. Assuming that SDG&E was fully aware of these dangerous conditions, and that its decision to supply Camp Pendleton with gas despite this knowledge breached its common law duty of care, Plaintiffs' theory of recovery would make SDG&E broadly responsible for injuries resulting from the "operation, maintenance, or condition" of Consumer Equipment. Liability under these circumstances would

hinder the policy of Rule 26, meaning that Plaintiffs' claims are preempted. *See Kairy*, 660 F.3d at 1153; *Waters*, 523 P.2d at 1166.

Plaintiffs' arguments that Rule 26 and section 1759 must be understood in the context of the PUC's broader regulatory regime do not change this result.[2] Plaintiffs contend that, in light of both the PUC's general commitment to public safety and the fact that there are arguably other exceptions to Rule 26's limitation on liability, Rule 26 does not immunize SDG&E from the consequences of its own negligence. However, their sweeping theory of liability would be the exception that swallows the rule.[3]

**DISMISSED.**

---

[2] We grant Plaintiffs' request to take judicial notice of SDG&E Tariff Rule 11 and PUC General Order No. 58A. *See S. Bay United Pentecostal Church v. Newsom*, 985 F.3d 1128, 1132 n.1 (9th Cir. 2021).

[3] Because existing state law adequately informs our decision here, we decline Plaintiffs' request to certify questions to the California Supreme Court. *See Marinelarena v. Garland*, 6 F.4th 975, 977 (9th Cir. 2021).